IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRANTLEY DOUGLAS CHESSON,       )
                                )
            Plaintiff,          )
                                )
      v.                        )     1:04CV00324
                                )
NEO CORPORATION,                )
                                )
            Defendant.          )

## MEMORANDUM OPINION AND ORDER

### Pending Motions and Relevant Facts

This case is before the Court on defendant's motion for summary judgment and defendant's motion to strike an affidavit filed by plaintiff's counsel in opposition to the motion for summary judgment. Because the motion for summary judgment is based on the single issue of whether plaintiff filed a timely complaint with the Equal Employment Opportunity Commission (EEOC) regarding his federal claim, only a description of the facts pertaining to that particular issue is needed.

Plaintiff, a former employee of defendant, has sued defendant. In Claim One, he alleges that it discriminated against him on the basis of his age in violation of federal law when it discharged him from his employment on April 10, 2003. (Complaint ¶ 2) In Claim Two, he asserts defendant failed to pay him for one week of accrued vacation time in violation of North Carolina wage and hour laws. Defendant's summary judgment motion addresses only plaintiff's first claim for relief.

The complaint alleges that plaintiff filed a charge of discrimination with the EEOC on September 30, 2003 and was issued a right to sue letter by the EEOC on January 16, 2004. (Id. ¶ 5) As will be seen, an EEOC charge on that date would have been timely, but a charge filed after October 7, 2003 would not. A factual dispute has arisen as to the actual filing date of the charge. That is the issue which now must be resolved.

Plaintiff's charge of discrimination is dated November 20, 2003 and, therefore, is untimely. However, the complaint alleges plaintiff filed an initial notice of the discriminatory acts on September 30, 2003. Defendant obtained a copy of the EEOC file and discovered that the September 30, 2003 letter from plaintiff's counsel[1] bears a stamp showing that it was received by the EEOC on October 20, 2003. The envelope it was in has a postmark of October 17, 2003. This would show that the "letter-charge" was sent and received out of time. On this basis, defendant requests summary judgment. Plaintiff responded by filing an affidavit wherein his attorney claims he sent the letter on or about September 30, 2003 via facsimile transmission and then sent the original letter to the EEOC in October at its request. Defendant has moved to strike this affidavit as being based on inadmissible evidence.

---

[1] It is not necessary in deciding the motions before it for the Court to determine whether the letter is sufficient to qualify as a charge of discrimination.

**Discussion**

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must view the evidence in a light most favorable to the non-moving party. <u>Pachaly v. City of Lynchburg</u>, 897 F.2d 723, 725 (4th Cir. 1990). When opposing a properly supported motion for summary judgment, the party cannot rest on conclusory statements, but must provide specific facts, particularly when that party has the burden of proof on an issue. <u>Id</u>. "The summary judgment inquiry thus scrutinizes the plaintiff's case to determine whether the plaintiff has proffered sufficient proof, <u>in the form of admissible evidence</u>, that could carry the burden of proof of his claim at trial." <u>Mitchell v. Data General Corp.</u>, 12 F.3d 1310, 1316 (4th Cir. 1993) (emphasis added). A mere scintilla of evidence will not suffice. <u>Sibley v. Lutheran Hosp. of Maryland, Inc.</u>, 871 F.2d 479 (4th Cir. 1989).

Here, defendant's sole argument in favor of summary judgment is that plaintiff's charge of discrimination was not timely filed with the EEOC. The area of disagreement between the parties is very narrow. There appears to be no dispute that plaintiff was fired on April 10, 2003 and that the law required him to file a charge with the EEOC "within 180 days after the alleged unlawful practice occurred . . . ." 29 U.S.C. § 626(d)(1). Defendant

states that the 180-day period expired on October 7, 2003 and that the charge had to be filed on or before that date. Plaintiff has not challenged this calculation.

Defendant has agreed, only for the purposes of this motion, to assume that the letter dated September 30, 2003 could be construed to be a valid charge. It does not dispute that, if plaintiff can show that the letter was received by the EEOC on or prior to October 7, 2003, its motion for summary judgment should be denied. Likewise, plaintiff does not deny that defendant's motion should be granted unless he can show that the letter was received by the EEOC on or before that date. Thus, the sole point of disagreement between the parties is whether plaintiff's counsel's affidavit is admissible and sufficient to prove that plaintiff's charge was filed with the EEOC on or prior to October 7, 2003.

Because the issue between the parties is a factual dispute, defendant's motion to strike the affidavit becomes extremely important. However, plaintiff has not filed a response to this motion. For this reason, the motion may be granted under Local Rule 7.3(k) for being unopposed. This leaves plaintiff without any counter-evidence to challenge the evidence submitted by defendant which shows that the "letter-charge" dated September 30, 2003 was mailed on October 17, 2003 and received on October 20, 2003. This, in turn, establishes that the charge was filed out of time and both defendant's motion to strike and motion for summary judgment would have to be granted.

Even if the motion to strike were not granted for being unopposed, it would be granted for the reasons advanced by defendant. The first objection is to Paragraph 4 of plaintiff's attorney's affidavit. That paragraph states that, "[o]n or about September 30, 2003, I caused a charge to be filed on behalf of the Plaintiff to this action by sending a letter to the EEOC Raleigh Field Office via facsimile at 919-856-4151."[2] Defendant's objection is that, while plaintiff's counsel obviously would have personal knowledge about whether or not he attempted to send a fax to the EEOC on or about September 30, 2003, it does not follow that he would have personal knowledge that it was actually received on that date. Yet, Federal Rule of Civil Procedure 56(e) requires that affidavits must be made on personal knowledge, and also constitute admissible evidence. Affidavits violating this rule will be stricken. <u>Evans v. Technologies Applications & Service Co.</u>, 80 F.3d 954, 962 (4th Cir. 1996). Therefore, that part of Paragraph 4 where the attorney claims to have "filed" a charge on September 30, 2003 must be stricken.

---

[2] The affidavit is, in any event, inadequate. It states that the facsimile was sent "on or about" September 30, 2003, rather than firmly establishing a sending date. This inexact date is troublesome given that the filing deadline was within a week of that "on or about" date. Even more troublesome, as will be seen next, the EEOC employee is not even alleged to have called acknowledging receipt until about two weeks later--after the deadline had run. This means that the date of the sending of the fax, while perhaps describable as "on or about" September 30, 2003 could have been somewhat later--quite possibly even after October 7, 2003. "[P]laintiff has the burden of proving all conditions precedent to filing suit, including the condition that he timely filed with the EEOC." <u>Maynard v. Pneumatic Products Corp.</u>, 256 F.3d 1259, 1262 (11th Cir. 2001). For this reason, such a problematic affidavit would not be sufficient to avoid summary judgment even if the motion to strike were not granted. Proof is not established by ambiguity requiring guesswork.

Defendant next challenges plaintiff's counsel's attempt to circumvent his lack of personal knowledge as to whether the EEOC received a fax on September 30, 2003 by the statement in Paragraph 5 of the affidavit where counsel avers that "[w]ithin two weeks, I was contacted by an employee at the EEOC Raleigh Field Office who acknowledged receipt of the facsimile and asked that I mail the original letter to their office in order to have an original signature on file."  Defendant shows this statement to be inadmissible hearsay.

Federal Rule of Evidence 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted."  The statement objected to by defendant is an embodiment of the definition of hearsay.  Here, the attorney may properly relate that he was called by a person purporting to be a representative of the EEOC.  However, the attorney may not relate the substance of the conversation for the purpose of showing that the person spoke the truth.  Instead, the person who spoke to the attorney would be required to submit an affidavit.  The EEOC employee has not submitted such testimony in the case.  Therefore, the attorney's statement is being proffered to prove the very thing that it asserts, i.e. that the facsimile was received by the EEOC.[3]

---

[3]It should be noted that even if this purported statement by the EEOC employee were admissible, it would present problems. The employee never states a date when the letter was received. Instead, one is left to "infer" that the letter was received the day it was faxed. However, as pointed out previously (n.2), the affidavit never establishes a precise date for the faxing of the letter, but only sometime around September 30, 2003.

Such hearsay is generally inadmissible by virtue of Fed. R. Evid. 802. While exceptions to this rule exist under Fed. R. Evid. 803 and 804, none obviously apply in this instance and none have been advanced by plaintiff. Because of this, the hearsay portion of the affidavit is not admissible and it must be stricken. Evans, 80 F.3d at 962.

The striking of Paragraph 5 of the affidavit concerning the EEOC employee's alleged statement, along with a portion of Paragraph 4, means that plaintiff has not given any basis for finding that the charge was actually filed with the EEOC either on September 30, 2003 or before October 8, 2003. The only evidence remaining before the Court is defendant's affidavit and exhibits which show that plaintiff's letter-charge was received on October 20, 2003. This means that the charge is untimely and defendant's motion for summary judgment must be granted. Olson v. Mobil Oil Corp., 904 F.2d 198, 200 (4th Cir. 1990)(age discrimination claim cannot be brought if charge not filed within 180 days of termination).[4]

**IT IS THEREFORE ORDERED** that defendant's motion to strike (docket no. 25) plaintiff's affidavit is granted as to Paragraphs 4 and 5.

---

[4] While the parties have not mentioned plaintiff's vacation pay claim, it apparently remains for trial.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment (docket no. 23) be, and the same hereby is, granted and Claim One of the complaint is dismissed.

/s/ Russell A. Eliason
United States Magistrate Judge

February 9, 2006